IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TONY ORLANDER WHITAKER,

    Petitioner

VS.

DON JARRIEL, Warden,

    Respondent.

NO. 1: 09-CV-189 (WLS)

PROCEEDINGS UNDER 28 U.S.C. §2254
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

This is a habeas corpus action brought by the above-named petitioner under 28 U.S.C. §2254. Respondent Don Jarriel has filed a motion seeking dismissal of this action on grounds that the petitioner has failed to state a claim and has not exhausted the state remedies available to him as required by *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). (Doc. 9). Petitioner was advised of the filing of the motion to dismiss and of the importance of filing a response thereto. (Doc. 10). However, petitioner has failed to file any response to the motion.

Petitioner filed this petition challenging his 1999 Dougherty County jury trial convictions and sentences for felony murder and cruelty to children. Petitioner has pending in the trial court a motion for new trial, and hearing on the motion was set for Monday, February 22, 2010. Petitioner filed this petition on November 2, 2009.

*Failure to Exhaust*

Respondent contends that the petition is premature as petitioner's Dougherty County convictions and sentences are not yet "final" under state law.

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."

*Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), (citing *Ex Parte Royall*, 117 U.S. 24l, 6 S.Ct. 734, 29 L.Ed. 868 (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c). The requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408-409, 30 L.Ed.2d 418 (1971) (quoting *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor*, *supra*, 404 U.S. at 275, 92 S.Ct. at 512. Further, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Id*. at 275-76, 92 S.Ct. at 512.

The exhaustion requirement as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), now provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

Petitioner is pursuing a post-conviction motion for new trial. Should the motion be denied, petitioner may then pursue a direct appeal. Petitioner also has the available remedy of a state habeas

corpus petition. O.C.G.A. § 9-14-44 requires that a petition for habeas corpus relief "give the date of rendition of the final judgment complained of." Under Georgia law, a conviction must ordinarily be "final" in order to pursue a state habeas corpus case. *Turpin v. Todd*, 268 Ga. 820, 831, 493 S.E.2d 900 (1997); *Horton v. Wilkes*, 250 Ga. 902, 904, 302 S.E.2d 94 (1983). However, one exception to the "finality" requirement under Georgia law is where a petitioner alleges he has been denied his state law entitlement to a direct appeal or where he claims there has been "inordinate" post-trial delay. *Chatman v. Mancill*, 280 Ga. 253, 626 S.E.2d 102 (2006); *Ponder v. State*, 260 Ga. 840, 400 S.E.2d 922 (1991).

Georgia trial and habeas corpus courts are empowered under state law to grant out-of-time appeals in criminal cases, if warranted. Georgia courts are not hostile to such claims and have sought to encourage Georgia prisoners to bring such claims to the state courts, so that the state courts can "mend their own fences" before burdening federal courts with such issues. See, e.g., *Chatman v. Mancill*, *supra.* (recognizing that "substantial delays experienced during the criminal appellate process implicate due process rights," Court adopted a test for resolving claims asserting due process violations based on "inordinate" appellate delay, based on the sixth amendment speedy trial test of *Barker v. Wingo*, 407 U.S. 514 (1972)); *Walker v. State*, 247 Ga. 484, 277 S.E.2d 242 (1981) (though Court was "strongly inclined toward the view expressed by a clear majority of the courts that have considered this issue that there is no Sixth Amendment right to a speedy appeal,"... "due process concepts necessarily become implicated when substantial delays are experienced during the criminal appellate process. . . . We believe that the first question always presented is how any further delay may be feasibly cut short.").

As petitioner still has remedies available to him under Georgia law to seek review, this petition is premature and the issues presented are unexhausted. Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss be **GRANTED**, and that this petition be DISMISSED WITHOUT PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable w. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

SO RECOMMENDED, this 7th day of June, 2010.

S// Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE